Electronically Filed
3/14/2022 5:56 PM
Steven D. Grierson
CLERK OF THE COURT

Paul D. Powell (7488)
Traysen N. Turner (16017)
**THE POWELL LAW FIRM**
8918 Spanish Ridge Avenue, Suite 100
Las Vegas, Nevada 89148
paul@tplf.com | tturner@tplf.com
Phone 702.728.5500 | Fax 702.728.5501
Attorneys for Plaintiff

CASE NO: A-22-849675-C
Department 27

**EIGHTH JUDICIAL DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| LAJOY WATSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>DOLGEN MIDWEST, LLC, dba DOLLAR GENERAL CORPORATION, a domestic limited-liability company; DOE INDIVIDUALS I-X, inclusive; and ROE CORPORATIONS I-X, inclusive,<br><br>Defendants. | Case No.<br>Dept. No.<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff LaJoy Watson, by and through her counsel of record, The Powell Law Firm, complains against Defendant Dolgen Midwest, LLC, dba Dollar General Corporation ("Dollar General") as follows:

**THE PARTIES**

1. Plaintiff LaJoy Watson is and was a resident of Clark County, Nevada for all times relevant herein.

2. Defendant Dollar General is and was a limited liability company authorized to do business in the State of Nevada for all times relevant herein.

3. The true names and capacities of the defendants designated as Doe or Roe Corporations are unknown to Plaintiff LaJoy Watson, who therefore sues those defendants by fictitious names. When the true names and capacities of these defendants are ascertained, Plaintiff will seasonably amend this Complaint.

1

4. For all times relevant, Defendants were agents, servants, employees, or joint venturers of every other Defendant and were acting within the scope and course of said agency, employment, or joint venture, with knowledge and permission and consent of all other named Defendants.

### JURISDICTION AND VENUE

5. This Court possesses personal jurisdiction over Defendants because (1) Defendants' residence, domicile, and/or business activities and contacts in Nevada have been and continue to be so substantial, continuous, and systematic that the Defendants are deemed present in the forum; and (2) the obligations, acts, and omissions complained of in this Complaint were incurred and committed, in whole or in part, in Nevada, and thus, Defendants have had sufficient minimum contacts with this forum such that the exercise of personal jurisdiction over them will not offend traditional notions of fair play and substantial justice.

6. This Court possesses subject-matter jurisdiction over this matter because Clark County, Nevada is the judicial district in which a substantial part of the events or omissions giving rise to the claims set forth herein occurred.

7. Venue is proper in this Court because a substantial part of the events or omissions giving rise to this action occurred in this District, the alleged acts took place in this District, and Defendants are otherwise subject to the Court's personal jurisdiction.

### GENERAL ALLEGATIONS

8. On or about November 29, 2021, Plaintiff LaJoy Watson was lawfully present at a Dollar General store located at 3485 E Lake Mead Boulevard, Las Vegas, NV 89030.

9. Defendant Dollar General maintained and was in control of the store.

10. Plaintiff LaJoy Watson was shopping when she slipped on yogurt that was on the floor.

11. Defendant Dollar General knew, or reasonably should have known, that the store contained a dangerous condition, specifically yogurt on the floor where Defendant Dollar General customers were walking.

12. Defendant Dollar General failed to caution or warn Plaintiff LaJoy Watson or otherwise make safe the dangerous condition.

13. Defendant Dollar General should have warned Plaintiff LaJoy Watson or otherwise made safe the dangerous condition because that condition was non-obvious to Plaintiff.

14. Defendant Dollar General negligently, carelessly, and recklessly caused, maintained, and/or allowed the dangerous condition to exist.

15. Defendant Dollar General's negligence has caused Plaintiff LaJoy Watson to sustain physical and emotional injuries, all or some of which conditions may be permanent and disabling, and all to Plaintiff's damages in a sum in excess of $15,000.00.

16. Defendant Dollar General's negligence has required Plaintiff LaJoy Watson to receive ongoing medical care and other treatment for the aforementioned injuries.

17. Plaintiff LaJoy Watson's injuries have limited her occupational and recreational activities, which have caused Plaintiff LaJoy Watson a loss of earning capacity, lost wages, physical impairment, mental anguish, and loss of enjoyment of life. These damages are ongoing.

18. As a direct and proximate result of the aforementioned negligence of all Defendants, Plaintiff LaJoy Watson has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

**FIRST CAUSE OF ACTION**

19. Plaintiff LaJoy Watson incorporates all prior paragraphs as though fully set forth here.

20. Defendant Dollar General owed Plaintiff LaJoy Watson a duty of care to maintain the premises free of dangerous conditions.

21. Defendant Dollar General owed Plaintiff LaJoy Watson a duty of care to avoid creating a dangerous condition on their property.

22. Defendant Dollar General owed Plaintiff LaJoy Watson a duty of care to remedy any dangerous condition on their property irrespective of the source of the dangerous condition.

23. Defendant Dollar General owed Plaintiff LaJoy Watson a duty of care to warn her of the non-obvious and dangerous condition.

24. Defendant Dollar General breached its duty of care by maintaining a dangerous condition, creating a dangerous condition, failing to remedy the dangerous condition, and/or failing to place caution signs, or otherwise failing to warn Plaintiff LaJoy Watson of the dangerous, non-obvious condition.

25. Defendant Dollar General failed to take adequate steps to either remedy the dangerous condition, or through its own negligence, caused the dangerous condition to be present, thus causing damage and injury to Plaintiff LaJoy Watson.

26. As a direct and proximate result of the negligence of Defendant Dollar General, Plaintiff LaJoy Watson has been damaged in an amount in excess of $15,000.

### **DEMAND FOR JURY TRIAL**

27. Pursuant to NRCP 38, Plaintiff LaJoy Watson demands a jury trial on the issues and claims in this complaint.

. . .

. . .

. . .

**PRAYER FOR RELIEF**

Plaintiff LaJoy Watson prays for judgment against Defendant Dollar General as follows:

1. General damages sustained by Plaintiff in an amount exceeding $15,000;
2. Special damages sustained by Plaintiff in an amount exceeding $15,000;
3. Reasonable attorney's fees and costs;
4. Interest at the statutory rate; and
5. Any other relief the Court deems just and proper.

Dated March 14, 2022.

**THE POWELL LAW FIRM**

/s/ Traysen N. Turner
Paul D. Powell (7488)
Traysen N. Turner (16017)
8918 Spanish Ridge Avenue, Suite 100
Las Vegas, Nevada 89148
Attorneys for Plaintiff