UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LAJOY WATSON,<br><br>          Plaintiff,<br>v.<br><br>DOLGEN MIDWEST, LLC, dba Dollar General Corporation,<br><br>          Defendant. | Case No. 2:22-cv-00648-APG-NJK<br><br>**Order on Motions to Retax Costs**<br><br>[ECF Nos. 52, 53] |

      The clerk of court taxed against plaintiff Lajoy Watson $22,922.55 in costs, representing most of the costs sought by Dolgen Midwest, LLC. ECF No. 50. The clerk denied Dolgen's request for additional costs under Nevada Revised Statutes (NRS) 18.120 because "the clerk's authority to tax costs is allowed under Federal and Local Rules, not state statute." ECF No. 51 at 1. Both parties move to retax those costs. ECF Nos. 52, 53.

      Watson contends that Dolgen should not be awarded any costs because such an award would financially cripple her. ECF No. 53 at 2. "Unless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The Ninth Circuit has held that Rule 54(d) "establishes that costs are to be awarded as a matter of course in the ordinary case." *Mexican-Am. Educators v. State of Cal.,* 231 F.3d 572, 593 (9th Cir. 2000).

> Appropriate reasons for denying costs include: (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties. This is not "an exhaustive list of 'good reasons' for declining to award costs," but rather a starting point for analysis.

*Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247–48 (9th Cir. 2014) (quoting *Mexican-Am. Educators,* 231 F.3d at 593). Contrary to Watson's argument, this case was not particularly close, and awarding costs would not have a particularly chilling effect on future slip-and-fall cases. However, Watson has demonstrated that she has limited means to pay a cost award, and there certainly is financial disparity between the parties. The amount Dolgen requests is triple Watson's yearly adjusted gross income. *See* ECF Nos. 53-1; 53-2; 53-3. While an indigent plaintiff is not entitled to a free pass on paying costs when they lose their case, there is no evidence that Watson's claim was frivolous or litigated in bad faith.

Based on Watson's financial condition, I will reduce the amount of taxed costs to $1,500. Because my decision is based on Watson's limited financial means, there is no need to address the other arguments set forth in her motion or in Dolgen's motion to retax costs.

I THEREFORE ORDER that Dolgen's motion to retax costs (ECF No. 52) is denied.

I FURTHER ORDER that Watson's motion to retax costs (ECF No. 53) is granted in part, in that I have reduced the taxed amount from $22,922.55 to $1,500.00. I award the defendants $1,500 in taxable costs.

DATED THIS 26th day of April, 2024.

Andrew P. Gordon
UNITED STATES DISTRICT JUDGE

2