**WILSON ELSER**
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

MICHAEL P. LOWRY, ESQ.
Nevada Bar No. 10666
E-mail: Michael.Lowry@wilsonelser.com
JONATHAN C. PATTILLO, ESQ.
Nevada Bar No. 13929
E-mail: Jonathan.Pattillo@wilsonelser.com
6689 Las Vegas Boulevard South, Suite 200
Las Vegas, NV 89119
Tel: 702.727.1400/Fax: 702.727.1401
Attorneys for Dolgen Midwest, LLC

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Lajoy Watson, an individual, | Case No.: 2:22-cv-648-APG-NJK |
| Plaintiff, | **Joint Pretrial Order** |
| vs. | |
| Dolgen Midwest, LLC, dba Dollar General Corporation, a domestic limited-liability company; Doe Individuals I-X, inclusive; and Roe Corporations I-X, inclusive, | |
| Defendant. | |

### I. CONCISE STATEMENT OF THE ACTION AND THE CONTENTIONS OF THE PARTIES

On November 29, 2021, Plaintiff Lajoy Watson slipped and fell while at a Dollar General operated by Dolgen Midwest, LLC in Las Vegas, Nevada. Plaintiff slipped on yogurt and sustained injuries to her left knee. Plaintiff alleges Dollar General was negligent, Dollar General denies it was negligent.

### II. STATEMENT AS TO JURISDICTION OF THE COURT

Diversity jurisdiction is present per 28 U.S.C. § 1332(a). Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00.

308193133v.3

**III.   FACTS ADMITTED BY THE PARTIES THAT REQUIRE NO PROOF**

1. The events or omissions from Plaintiff's claims occurred in Clark County, Nevada.
2. On November 29, 2021, Plaintiff was shopping at Dollar General and fell.
3. Dollar General's employees did not cause the yogurt spill.
4. Dollar General did not have actual notice of the yogurt spill.
5. Plaintiff she sustained injuries to her left knee that caused her hospitalization and treatment for a dislocated left knee.

**IV.   FACTS, THOUGH NOT ADMITTED, WILL NOT BE CONTESTED AT TRIAL BY EVIDENCE TO THE CONTRARY**

  None currently.

**V.   ISSUES OF FACT TO BE TRIED AND DETERMINED AT TRIAL**

1. Did Dollar General have constructive notice of the yogurt spill?
2. Was Plaintiff comparatively negligent?
3. Did Plaintiff fail to mitigate her damages?
4. Does Plaintiff require future medical care for her injuries?

**VI.   ISSUES OF LAW TO BE TRIED AND DETERMINED AT TRIAL**

  None currently.

**VII.   EXHIBITS THAT WILL BE OFFERED INTO EVIDENCE**

  a.   <u>Plaintiff's Exhibits</u>

| No. | Document | Bates Number |
|---|---|---|
| 1. | Certificate of authenticity of medical records and billing, and medical records and billing from University Medical Center of Southern Nevada for date of service 11/29/2021 through 12/08/2022. | UMCN0001 – UMCN0870 |
| 2. | Certificate of authenticity of billing records, and billing records from Sound Physician Emergency Medicine for date of service 11/29/2021 | SPEM0001 – SPEM0003 |
| 3. | Certificate of authenticity of billing records, and billing records from Desert Radiology Solutions for date of service 11/29/2021 through 01/04/2022 | DRAD0001 – DRAD0004 |
| 4. | Medical records and billing from OptumCare Orthopedics and Spine for date of service 11/29/2021 through 03/11/2021 | OCOS0001 – OCOS0054 |

-2-

308193133v.3

| No. | Document | Bates Number |
|---|---|---|
| 5. | Certificate of authenticity of billing records, and medical records and billing from Horizon Health and Rehabilitation Center for date of service 12/08/2021 through 12/16/2021 | HHRC0001 – HHRC0066 |
| 6. | Medical records certification, and medical records and billing from ATI Physical Therapy for date of service 03/0/2022 through 03/25/2022 | ATIP0001 – ATIP0019 |
| 7. | Medical records and billing from Desert Radiology Solutions for date of service 03/02/2022 through 03/03/2022 | DRAD0005 – DRAD0010 |
| 8. | Medical records and billing from University Medical Center of Southern Nevada for date of service 03/03/2022 through 03/05/2022 | UMCN0871 – UMCN1183 |
| 9. | Certificate of authenticity of medical records and billing, and medical records and billing from Desert Orthopaedic Center for date of service 10/21/2022 through 02/03/2023 | DSOC0001 – DSOC0015 |
| 10. | Records affidavit, and billing records from CVS Pharmacy for date of service 12/18/2021 through 10/06/2022 | CVRX0001 – CVRX0008 |
| 11. | Medical records and billing from Desert Radiology for date of service 12/31/2021 through 01/07/2022 | DRAD0011 – DRAD0013 |
| 12. | Three (3) photographs of Plaintiff's injury | PHOT0001 – PHOT0003 |
| 13. | Customer Incident Report dated 11/29/2021 | REP0001 |
| 14. | Video of Incident | DEF000001 DEF000006 |

b. Dolgen Midwest, LLC's Exhibits

| No. | Document | Bates Number |
|---|---|---|
| A. | Video of Incident | DEF000001 DEF000006 |
| B. | Incident Report | DEF000002 – DEF000003 |
| C. | December 8, 2014 AMR Record | TING000007 - TING000008 |
| D. | August 12. 2017 AMR Record | THORN000007 – THORN000009 |
| E. | August 12, 2017 X-Ray | DRAD000013 |
| F. | August 12. 2017 UMC ER Records | THORN000258 – THORN000271 |
| G. | July 19, 2021 X-Ray | DRAD000035 |
| H. | July 29, 2019 Left Knee MRI | DRAD000038 |
| I. | January 13, 2019 Nevada Spine Clinic Record | THORN000100 – THORN000102 |
| J. | February 1, 2019 Nevada Spine Clinic Record | THORN000103 – THORN000104 |

308193133v.3

**VIII.  STIPULATIONS AS TO EXHIBITS**

   a. <u>Plaintiff's Exhibits:</u> Dolgen Midwest stipulates to admit Plaintiff's proposed exhibits 1-13.

   b. <u>Dolgen Midwest LLC's Exhibits:</u> Plaintiff stipulates to admit Defendant's proposed Exhibit A (video of the incident) and Exhibit B (incident report).

**IX.  OBJECTIONS TO EXHIBITS**

   a. <u>Plaintiff's Exhibits</u>: None

   b. <u>Dolgen Midwest LLC's Exhibits</u>

| Exhibit | Document | Objection |
|---|---|---|
|  | December 8, 2014 AMR Record | Foundation; Hearsay; Relevance |
|  | August 12. 2017 AMR Record | Foundation; Hearsay; Relevance; Probative value is substantially outweighed by unfair prejudice |
|  | August 12, 2017 X-Ray | Foundation; Hearsay; Relevance; Probative value is substantially outweighed by unfair prejudice |
|  | August 12. 2017 UMC ER Records | Foundation; Hearsay; Relevance; Probative value is substantially outweighed by unfair prejudice |
|  | July 19, 2021 X-Ray | Foundation; Hearsay; Relevance; Probative value is substantially outweighed by unfair prejudice |
|  | July 29, 2019 Left Knee MRI | Foundation; Hearsay; Relevance; Probative value is substantially outweighed by unfair prejudice |
|  | January 13, 2019 Nevada Spine Clinic Record | Foundation; Hearsay; Relevance; Probative value is substantially outweighed by unfair prejudice |
|  | February 1, 2019 Nevada Spine Clinic Record | Foundation; Hearsay; Relevance; Probative value is substantially outweighed by unfair prejudice |

**X.  STATEMENT CONCERNING THE USE OF ELECTRONIC EXHIBITS**

Both parties intend to present evidence in both hard copy and electronic form.

**XI.  DEPOSITIONS INTENDED TO BE OFFERED AT TRIAL**

**Plaintiff:**

- Shannon Stevens: 8:6 – 8:8; 8:13 – 8:15; 8:22 – 9:15; 13:11 – 14:14; 15:13 – 20:14; 21:1 – 23:14; 23:16 – 26:1; 26:25 – 28:21; 36:11 – 36:17.

-4-

- Helen Burns: 10:20 – 11:3; 11:25 – 12:24; 13:3 – 13:25; 14: 25 – 15:3; 15:10 – 16:23; 17:21 – 17:25; 18:8 – 20:4; 20:15 – 21:2; 21:20 – 22:12; 22:22 – 22:25; 23:14 – 25:25.

**Dolgen Midwest, LLC will offer the following depositions if necessary:**

- Plaintiff: 14:24 – 15:13; 17:1 – 19:4; 19:8 – 19:15; 21:24 – 26:13; 27:16 – 27:24; 29:1 – 30:7; 30:25 – 31:11; 31:18 – 32:8; 32:11 – 34:21; 37:12 – 37:18;  40:2 – 41:19; 42:19 – 43:8; 49:3 – 50:13; 50:17 – 50:21; 51:17 – 52:12.
- Dr. David Fish: 6:3 – 7:18; 9:4 – 13:5; 16:19 – 17:1; 18:5 – 18:8; 19:12 – 19:16; 23:16 – 25:1; 25:11 – 25:17; 26:24 – 27:9.
- Shannon Stevens: 8:6 – 9:12; 13:19 – 14:8; 15:10 – 16:13; 17:24 – 18:6; 22:8 – 23:9; 23:16 – 25:18; 27:15 – 28:16; 29:3 – 34:17.
- Monica Lewis: 7:7 – 9:7; 9:25 – 11:4; 15:21 – 16:19; 16:23 – 17:16.
- Natasha Ralls: 6:12 – 6:22; 8:5 – 9:16; 10:3 – 12:2.
- Helen Burns: 10:20 – 14:23; 15:10 – 20:14; 21:3 – 24:22; 25:20 – 26:2; 28:8 – 29:2; 32:3 – 32:24.

**XII.   OBJECTIONS TO DEPOSITIONS**

a. <u>Plaintiff</u>:

| Deponent | Designation | Objection |
|---|---|---|
| Plaintiff LaJoy Watson | 15:4-13 | This line of questioning calls for collateral source. |
|  | 17:16-18:12 | These questions about prior lawsuits are irrelevant and the probative value of the information is outweighed by substantial prejudice. |
|  | 21:24-26:13 | These questions call for medical opinion and irrelevant medical information outside the scope of this lawsuit. |
|  | 41:3-41:19 | This testimony calls for a legal conclusion plaintiff is not qualified to give. Further, this testimony calls for speculation as to what plaintiff would do if she were the owner of a store. |
|  | 49:3 – 50:13 | This testimony calls for medical opinions plaintiff is not qualified to give. |
|  | 51:17 – 52:12 | The probative value of the testimony regarding plaintiff being a former smoker is substantially outweighed by unfair prejudice. |
| Dr. David Fish | 24:2-22 | Objection as to foundation, incomplete hypothetical, and assumes facts not in evidence. |
| Shannon Stevens | 32:23-33:1 | This is a compound question. |
| Monica Lewis | 17:9 – 11 | This testimony calls for speculation. |

-5-

308193133v.3

| Deponent | Designation | Objection |
|---|---|---|
| Natasha Ralls | 8:20-21 | The "unknown speaker" portion of the transcript should be stricken as they were not being deposed. |

    b.  Dolgen Midwest LLC

| Deponent | Designation | Objection |
|---|---|---|
| Shannon Stevens | 13:11-19 | Counsel is testifying to his understanding of what happened, there is no testimony from the witness agreeing or disagreeing to anything. |
| | 16:14-17:6 | This testimony calls for speculation as to what may or may not result from increased store inspections. It also seeks improper lay opinion. |
| | 17:16-23 | The question was withdrawn. |
| | 19:7-19:21 | This testimony calls for speculation as to what may or may not result from increased store inspections |
| | 19:22-20:7 | The probative value of the testimony as to low cost operator is substantially outweighed by unfair prejudice. Whether a low cost or high cost operator, defendants are held to the same standard of care. |
| | 20:8-14 | This testimony calls for speculation. |
| | 21:1-6 | This testimony calls for speculation as to what may or may not result from decreased store inspections. |
| | 21:7-22:7 | The probative value of the testimony as to low cost operator is substantially outweighed by unfair prejudice. Whether a low cost or high cost operator, defendants are held to the same standard of care. |
| | 25:19-26:1 | This testimony calls for speculation as to what a sweep may or may not have found. |
| | 36:11-36:17 | This testimony calls for speculation as to whether hiring additional employees might have detected a hazard. |
| Helen Burns | 14:25-15:3 | The designation ends in the middle of a response. The witness' response was interrupted. The question was then asked again starting at 15:10. |
| | 20:15-21:2 | This calls for medical opinion testimony from a lay witness who is neither qualified nor designated to give such testimony. |

## XIII.   WITNESSES TO BE CALLED AT TRIAL

    a.  <u>Plaintiff</u>

1. LaJoy Watson
   c/o Tom W. Stewart, Esq.
   The Powell Law Firm
   8918 Spanish Ridge Avenue, Suite 100
   Las Vegas, Nevada 89148

2. Shannon Stevens, as
   Person(s) Most Knowledgeable
   Dolgen Midwest, LLC dba
   Dollar General Corporation

-6-

308193133v.3

      c/o Michael P. Lowry, Esq.
Wilson Elser Moskowitz Elderman & Dicker, LLP
6689 Las Vegas Boulevard
Las Vegas, Nevada 89119

3. Helen Burns
    c/o Michael P. Lowry, Esq.
    Wilson Elser Moskowitz Elderman & Dicker, LLP
    6689 Las Vegas Boulevard
    Las Vegas, Nevada 89119

4. Natasha Ralls
    1950 North Walnut Road, #224
    Las Vegas, Nevada 89115
    (702) 630-0672

5. Monica Lewis
    1950 North Walnut Road, #247
    Las Vegas, Nevada 89115
    (702) 610-9637

6. David E. Fish, MD/MPH
    1350 Davis Drive
    Beverly Hills, California 90210

    b. <u>Dolgen Midwest LLC</u>

1. Shannon Stevens
    16485 N. Stadium Way, Unit 2001
    Surprise, AZ 85374

2. Helen Burns
    3650 E. Lake Mead Blvd., Apt. 151
    Las Vegas, Nevada 89115

3. Dr. Roger Fontes
    2800 E. Desert Inn Rd, Suite 100
    Las Vegas, Nevada, 89121

**XIV.  PROPOSED TRIAL DATES**

    a. January 26, 2026

    b. February 9, 2026

    c. February 23, 2026

/ / /

/ / /

308193133v.3

## XV. TIME FOR TRIAL

The parties estimate that this trial will take 3-5 days.

| DATED this | DATED this |
|---|---|
| **WILSON ELSER**<br>WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP | The Powell Law Firm |
| /s/  Michael P. Lowry<br>Michael P. Lowry<br>Nevada Bar No. 10666<br>Jonathan C. Pattillo<br>Nevada Bar No. 13929<br>Attorneys for Dolgen Midwest, LLC | /s/    Tom W. Stewart<br>Tom W. Stewart<br>Nevada Bar No. 14280<br>8918 Spanish Ridge Ave, Suite 100<br>Las Vegas, NV 89148<br>Attorneys for Plaintiff |

## XVI. ACTION BY THE COURT

This case is set for jury trial on the stacked calendar on <u>January 26, 2026 at 9:00 a.m.</u> Calendar call will be held on <u>January 20, 2026 at 9:00 a.m. All in courtroom 6C.</u>

Accordingly, this matter is referred to the Honorable Nancy J. Koppe, U.S. Magistrate Judge, for scheduling a settlement conference when appropriate.

This pretrial order has been approved by the parties to this action as evidenced by their signatures or the signatures of their attorneys hereon, and the order is hereby entered and will govern the trial of this case. This order may not be amended except by court order and based upon the parties' agreement or to prevent manifest injustice.

IT IS SO ORDERED:

Dated:___April 14, 2025_____

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

-8-

308193133v.3